UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ZACHARY STEVEN ADAMS,

    Plaintiff,

    v.                                               CAUSE NO.: 3:19-CV-882-PPS-MGG

CITY OF SOUTH BEND, et al.,

    Defendants.

## OPINION AND ORDER

Zachary Steven Adams, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Adams alleges that, on February 12, 2018, several police officers arrested him at a Check Smart location in South Bend, Indiana. During these efforts, Officer Kroeger handcuffed Adams and slammed him against a glass window, and

Adams began to struggle. In response, Officer Sweeney fired a taser at Adams' face, and one of the taser prongs became stuck in his ear. Adams stopped struggling and said, "I give up please," but Officer Sweeney used the taser two more times as Officer Mitchell arrived at the location. (ECF 1 at 3.) Although Adams was then subdued, Officer Kroeger, Officer Sweeney, Officer Chabot, and Officer Early beat Adams and conducted a search by removing all of his clothing and exposing him to the public. After Officer Sweeney placed Adams in his vehicle, Adams told him that he had difficulty breathing and pain in his head, ribs, chest, and shoulder. Officer Sweeney responded that Adams needed to speak with detectives before receiving medical treatment. After arriving at the police station and speaking with a federal agent, Adams went to Memorial Hospital. Upon his release, he was detained at the St. Joseph County Jail. He continues to suffer pain in the ribs, a detached shoulder, and emotional distress.

Adams asserts a Fourth Amendment claim against Officer Kroeger, Officer Sweeney, Officer Chabot, and Officer Early for using excessive force against him during his arrest. "A claim that an officer employed excessive force in arresting a person is evaluated under the Fourth Amendment's objective-reasonableness standard." *Abbott v. Sangamon Cnty., Ill.*, 705 F.3d 706, 724 (7th Cir. 2013). For such claims, the operative test is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989). Based on the allegations in the complaint, Adams states a plausible Fourth Amendment claim of excessive force against these defendants.

Adams further asserts a claim against Officer Sweeney for refusing him access to medical treatment immediately after his arrest. "[T]he Fourth Amendment governs the period of confinement between arrest without a warrant and the preliminary hearing at which a determination of probable cause is made, while due process regulates the period of confinement after the initial determination of probable cause." *Lopez v. City of Chicago*, 464 F.3d 711, 719 (7th Cir. 2006) (quotation omitted). "Four factors inform [the court's] determination of whether an officer's response to [an arrestee's] medical needs was objectively unreasonable: (1) whether the officer has notice of the detainee's medical needs; (2) the seriousness of the medical need; (3) the scope of the requested treatment; and (4) police interests, including administrative, penological, or investigatory concerns." *Ortiz v. City of Chicago*, 656 F.3d 523, 530 (7th Cir. 2011). Giving him the favorable inferences to which he is entitled at this stage of the proceedings, Adams states a plausible Fourth Amendment claim against Officer Sweeney for refusing him medical treatment immediately after the arrest.

Additionally, Adams lists the City of South Bend, Officer Chichowicz, Officer Chamberlain, and Officer Trent as defendants but does not otherwise mention them in his complaint. Further, though he briefly mentions Officer Mitchell and Memorial Hospital, it is similarly unclear why he has named them as defendants or what claims he seeks to assert against them. Therefore, these defendants are dismissed.

Finally, Adams filed motions to amend the complaint to include requests for compensatory and punitive damages and a jury demand. While Adams may amend his complaint as a matter of course at this stage of the proceedings, *see* Fed. R. Civ. P.

15(a)(1), he must comply with the local rules. Specifically, the local rules provide that parties seeking to amend a complaint must submit a copy of the proposed amended complaint in its entirety. N.D. Ind. L.R. 15-1. The local rules also prohibit parties from amending the complaint in a piecemeal fashion. *Id.* Because Adams has not complied with the local rules, the motions to amend the complaint are denied.

For these reasons, the court:

(1) DENIES the motions to amend (ECF 10, ECF 14, ECF 15);

(2) GRANTS Zachary Steven Adams leave to proceed on a Fourth Amendment claim against Officer Kroeger, Officer Sweeney, Officer Chabot, and Officer Early for using excessive force during his arrest on February 12, 2018;

(3) GRANTS Zachary Steven Adams leave to proceed on a Fourth Amendment claim against Officer Sweeney for refusing access to medical care following his arrest on February 12, 2018;

(4) DISMISSES City of South Bend, Officer Chichowicz, Officer Chamberlain, Officer Trent, Officer Mitchell, and Memorial Hospital;

(5) DISMISSES all other claims;

(6) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Officer Kroeger, Officer Sweeney, Officer Chabot, and Officer Early at the South Bend Police Department with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Officer Kroeger, Officer Sweeney, Officer Chabot, and Officer Early to respond, as provided for in the Federal

Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Zachary Steven Adams has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: January 15, 2020.

                                              /s/ Philip P. Simon
                                              PHILIP P. SIMON, JUDGE
                                              UNITED STATES DISTRICT COURT